ANNA EICHINGER, BY HER NEXT FRIEND, CLARA EICH-
INGER, HER MOTHER, IN HER OWN RIGHT, RESPOND-
ENTS, v. CHARLES M. KROUSE, APPELLANT.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Starr, Summerill & Lloyd.*

For the respondents, *John Rauffenbart* (*U. G. Styron,* of
counsel).

The opinion of the court was delivered by

KALISCH, J.   The defendant-appellant, appeals from a
judgment entered on the verdict of a jury in the Atlantic
County Circuit Court, in favor of the plaintiffs-respondents,
and against the defendant-appellant.

The grounds of appeal raised the legal propriety of the
action of the trial judge in refusing to grant, first, the de-
fendant's motion for a nonsuit; second, in refusing to grant

defendant's motion for a direction of a verdict in his favor; and third, in that the trial judge erred in charging the jury that the minor plaintiff, who was on roller skates, was to be considered as a pedestrian, and had the right of way at street intersections.

It is quite clear from a reading of the testimony, and a consideration of the legal principles applicable thereto, that the appellant was not entitled to succeed on either motion, and therefore, they were properly denied.

The testimony disclosed that the minor plaintiff, aged fourteen years of age, mounted on roller skates, was proceeding along the southerly side of Atlantic avenue, and while attempting to cross New Jersey avenue, at its intersection with Atlantic avenue, from the easterly side of New Jersey avenue, to the westerly side thereof, she was struck by an automobile, operated by the appellant. The accident occurred on October 23d, 1925, between seven and seven-thirty o'clock in the evening.

According to the minor plaintiff's testimony, when she arrived at the curb, on the easterly side of New Jersey avenue, at the intersection of Atlantic avenue, and before she stepped down from the curb, into the street, she looked at the traffic signal lights, which signalled yellow, thereby indicating that vehicular traffic must cease, and that pedestrians might cross; that when she stepped from the curb into the street there was no change in the traffic lights, and now giving her own language, said: "Well, I stepped down off the curb and looked down the street and I didn't see any machines coming. So I kept on going. I got to the center of the street and I saw a machine coming. I tried to turn around, and as I did it struck me."

This testimony was more than sufficient, under the decisions of the courts of this state, to carry the case to the jury for its determination. For according to her story, when she arrived at the curb there was not only the traffic signal indicating that the street was free from vehicular traffic, and safe for pedestrians to cross, but in addition to that, when she stepped from the curb into the street, she looked and saw no vehicle, until she reached the center of the street where she was sud-

denly overtaken and struck by the appellant's automobile. Thus, if the jury accepted her statement that she stepped from the curb and got as far as the middle of the street, it follows, that the jury would have been warranted in finding that if the operator of the automobile had been on the alert, and in the exercise of due care, he would have observed her as she stepped down from the curb into the street, and, therefore, had abundant opportunity to have checked the speed of his automobile before she reached the place where she was hit.

The question, whether under all the circumstances, she had exercised that degree of care which a prudent person would have exercised, confronted with the same situation, was one for the jury to determine.

Since nothing appeared in the testimony, adduced on behalf of the appellant, which in law constituted a legal bar to the respondents' right to have the cause submitted to the jury, the trial judge properly refused to direct a verdict for the appellant.

The third and only other ground of appeal urged by appellant for a reversal of the judgment, is, that the trial judge in instructing the jury that the minor plaintiff was a pedestrian, committed prejudicial error. The theory stressed by counsel of appellant in his argument in support of this contention is that because the minor plaintiff was on roller skates she ceased to be a pedestrian, within the meaning of the term as used in the traffic law concerning the respective rights and duties of operators of vehicles and of pedestrians at public crossings.

The fallacy of this contention is apparent. The argument finds no support from any provision in the traffic law.

Chapter 141 (*Pamph. L.* 1918), is entitled: "An act to amend an act entitled 'An act for the regulation of vehicles, animals and pedestrians on all public roads and turnpikes, &c.;' " and at page 326, provides for the regulation of bicycles for any use on any street at night. Thus, we have an instance of a legislative classification of what it deemed to be a vehicle to be regulated. In none of the provisions of the various statutes regulatory of the use of public streets, do we find roller skates classed as a vehicle.

This is not at all astonishing. It is difficult to comprehend how such an absurd thought could enter the mind of an intelligent legislator.

While it is true that a pedestrian is ordinarily understood to be one who travels on foot, nevertheless, the mere circumstance, that he or she has attached to his or her feet roller skates, or ice skates, or walks on stilts, or uses crutches, or is without feet and propels himself or herself along, by means of a chair, or by some other mechanical device, does not clothe him or her, in a broad and general sense, with any other character than that of a pedestrian.

The trial judge, therefore, very properly ruled that the minor plaintiff was a pedestrian and charged the jury that the fact that she was on roller skates might be taken into consideration with other facts in the cause upon the question whether or not she was in the exercise of due care for her own safety at the time she met with her injury. The statement of the legal principle is accurate.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.