## LEOPOLD v WILLIAMS

Ohio Appeals, 6th Dist, Lucas Co

Decided Nov 30, 1936

## OPINION

### By CARPENTER, J.

On April 3, 1934, plaintiff, Irma M. Leopold, was six years and five months old. Her father was engaged in the battery business and jointly with a service garage man occupied a building on Moore Street in Toledo. The front of that building was three feet from the inside line of a concrete sidewalk in front of it, which was six feet wide, and eighteen feet from the curb. There was a concrete driveway into the building through doors having a width clearance of 8 feet and 8 inches. The defendant, Clarence L. Williams, was engaged in retailing gasoline from a 350-gallon capacity tank mounted on a truck which was about 7 feet wide. That day, he drove into the garage and, as he backed out, the right rear of the truck struck plaintiff who was, at the time, passing the garage on roller skates on the sidewalk. The truck wheel ran upon the fleshy part of her left leg and inflicted a very severe injury.

By her father, as next friend, she brought this action for damages and recovered a judgment for $10,000, from which defendant appealed.

The amended petition charged negligence on the part of the defendant in that he failed to: "(a) give the right of way to the plaintiff on the sidewalk; (b) first determine that such movement in backing could not be made without injury to plaintiff; and (c) give any signal or warning of his intention to back out * * * while plaintiff was in the lawful use of said sidewalk."

The answer admits the collision and some injuries, but denies negligence on the part of defendant and charges **sole** negligence on the part of plaintiff and her parents.

I. The first two assignments of error charge respectively that the court should have directed a verdict, and that the verdict is manifestly against the weight of the evidence. There was a conflict of substantial evidence on all issues, and these assignments are not sustained.

II. Various errors are claimed as to the admission of evidence and the charge of

Streicher & Krueger, Toledo, for appellee.
Fraser, Effler, Shumaker & Winn, Toledo, for appellant.

the court in respect to such evidence. One group of these relates to two sections of the traffic ordinance of the city of Toledo.

Section 50(a) requires the driver of a vehicle approaching a street from a commercial driveway to give the right of way to a "pedestrian passing on the sidewalk." The objection is that plaintiff, being on roller skates, was not a pedestrian. This objection is answered in Eichinger v Krouse, 105 N. J. Law 402, 144 A. 638:

"While it is true that a pedestrian is, ordinarily, understood to be one who travels on foot, nevertheless, the mere circumstance that he or she has attached to his or her feet roller skates, or ice skates, or walks on stilts, or uses crutches, or is without feet, and propels himself or herself along, by means of a chair, or by some other mechanical device, does not clothe him or her, in a broad and general sense, with any other character than that of a pedestrian."

The admission in evidence and the charge of the court on this section were not error.

Section 27 is the other ordinance which was received over objection as inapplicable. It reads as follows:

"It shall be unlawful for the operator of a vehicle to turn, stop, back or change the course of such vehicle without first determining that such movement can be made without injuring person or property, and such operator shall by visible signal, by hand or otherwise, outside of the vehicle, signal at least fifty (50) feet before making such movement except that in backing such signal shall be given in ample time to notify vehicles or pedestrians approaching from the rear."

The first part of this section is appropriate to the situation in this case, but the specific "visible signal" required in the last part could have been of no benefit to plaintiff for she could not have seen it. This part of the ordinance should have been excluded. She was approaching from the right on the sidewalk and defendant was seated on the left in the driver's seat of the truck inside the garage. (He claims he gave a signal by horn, but two witnesses who were in the garage at the time, testified they heard no horn sound.)

The prejudicial nature of this evidence is aggravated by the charge of the court in reference to these two sections of the ordinance which were read to the jury from the amended petition in stating the issues. Later in the charge, §6310-21, GC, was read by the court, when it said:

"I say to you that a violation of a provision of law passed in the interest of public safety is in itself negligence. If you find at the time of the occurrence in question the defendant violated the provisions of law to which I have previously directed your attention, then the defendant has been guilty of negligence, but before the plaintiff can recover, however, he must prove by a preponderance of the evidence that in addition to a violation of the provisions of law and the consequent negligence arising per se, that is in and of itself therefrom, such negligence was the proximate cause of her injuries and damages."

Section 50(a) of the ordinance and §6310-21, GC, do impose specific requirements, and as to them this charge was correct. **Buckeye Stages, Inc. v Bowers,** 129 Oh St 412, 195 NE 859. The first and relevant part of §27 of the ordinance merely states a common-law duty, and the test as to it is the common-law rule of ordinary care in the performance of the duty so imposed. As applied to this, the charge was wrong, and covering, as it does, the irrelevant part of the section requiring "visible signal," it was especially prejudicial, and might very well have misled the jury.

Early in the charge the court pointed out that plaintiff's recovery depended upon her proof of negligence, and defined negligence as "the failure to exercise ordinary care in the performance of some duty which the law imposes." This was followed by a proper discussion of "preponderance of the evidence," "proximate cause" and "contributory negligence," and then the above quoted statement was made as to violations of duty imposed by the ordinances and the statute.

I take occasion to call attention to what seems to me a more appropriate definition of negligence as that subject appears in the issues in this and similar cases. It is the one developed in the Massachusetts Supreme Judicial Court, beginning in Sweeney v Old Colony & Newport Rd. Co., 92 Mass. (10 Allen) 368, 372, 87 Am. Dec. 644, and Minor v Sharon, 112 Mass. 477, 487, 17 Am. Rep. 122, and was fully stated by Chief Justice Rugg in Bergeron v Forest, 233 Mass. 392, 399, 124 NE 74, as follows:

"Negligence consists in doing ▮▮▮ or omitting to do an act in violation of a legal duty or obligation due to the person sustaining injury."

In the case at bar the standard of "duty or obligation due to the" plaintiff from the defendant arose from two distinct sources:

1. The common law, where the measure is ordinary care, and

2. Legislative enactment, which has two phases:

(a) As a legislative restatement of a common-law duty, the test of which is ordinary care; and

(b) That which imposes a specific duty, the violation of which is neg-▮▮▮ ligence per se, and the ordinary care standard has no place in its consideration.

III. The other group of assigned errors relates to prospective damages.

The plaintiff's attending physician, testifying regarding the future of the scars on her legs, said:

"It is beyond my comprehension as to whether or not they will break down. No one knows. Those scars may go on and serve her indefinitely, and then again they may break down and require operative interference to replace that scar tissue.

"Q. State your opinion, Doctor, as to what the possibility of any complication will be in the future. (Objection to this was overruled).

"A. The only thing I can state is based upon my own personal experience which has been considerable in this type of thing, industrial injuries which I have taken care of in the past. I will say that probably in this particular type of scar you could expect at least twenty per cent of them to break down and that is borne out by literature on the subject."

The court in charging the jury on the subject of damages, said:

"You will take into consideration the nature of the injury, the extent of it, the pain and suffering if any which she has suffered on account thereof and such pain and suffering if any it is reasonably certain she will suffer therefrom in the future. You will consider the character of her injury, the extent if any to which it may be permanent, its effect upon her bodily health and strength. * * *"

In **Pennsylvania Rd. Co. v Files, 65 Oh St 403, 62 NE 1047,** the test of prospective damages in Ohio was set as ▮▮▮ such as are "reasonably certain." This rule has been strictly followed in this district in the following and other cases: **Root v Monroeville Village, 4 C.D. 53, 16 C.C. 617; Ottgen v Garey, 41 Oh Ap 499, (12 Abs 170) 181 NE 485.**

This rule is in harmony with the great weight of authority. See annotation in 81 A.L.R. 439.

Applying this test to the plaintiff's question to the doctor as above quoted, it was wrong—"possibility" is far ▮▮▮ from "reasonable certainty." The doctor's answer did not ▮▮▮ aid this defect in the question, for a one to five chance of some future trouble with the scar can hardly be called "reasonable certainty."

As to the future pain and suffering, the charge applied the correct standard, and then, speaking of the injury, told the jury to consider "the extent, if any, to which it may be permanent." The use of the word "may" here is unfortunate for it suggests consideration of possible, not "reasonably certain," effects.

IV. The defendant, before argument, requested an instruction that if the jury found plaintiff's parents were "negligent in failing to caution and warn plaintiff of the dangers of roller skating on the sidewalk * * * and that such negligence was the sole, proximate cause of the collision, your verdict must be for the defendant." Refusal to give this is assigned as error. This presented an immaterial issue. The parents were not parties to this action, and their conduct in this respect could not affect plaintiff's right to recover from the defendant if she was not negligent and he was proximately so.

This instruction was based on a similar and highly improper allegation in the answer which was, we think, inadvertently read to the jury and in a general way was submitted as an issue made by the pleadings. We call attention to the impropriety and hazard of the too frequent allegation made in answers charging "sole" negligence on the part of the plaintiff. Such statement has no place in an answer and its presence may be misleading to the jury when the pleadings are read or even go to the jury, and to the trial court, too, as in this case, where it inadvertently read and submitted such issue. If the defendant is not guilty of negligence proximately causing the damage complained of, he is not concerned about who did cause it. The

refusal to give the requested instruction was not error, and as the plaintiff recovered, she was not prejudiced by the presence of the immaterial matter in the answer or the reading of it to the jury.

V. The last assignment of error is that the judgment is excessive. In view of the physical recovery made by the plaintiff, as shown by this record, we think this is true, but we cannot say it is so grossly so that it resulted from passion or prejudice on the part of the jury.

For the errors above pointed out, the judgment is reversed and the cause remanded.

Judgment reversed and cause remanded.

TAYLOR and LLOYD, JJ, concur.