HATSIO, APPELLANT, v. RED CAB CO., APPELLEE.

(No. 4089—Decided April 9, 1945.)

*Mr. Marcus Friedman* and *Mr. John J. Barone,* for appellant.

*Mr. Frank M. Hackett,* for appellee.

CONN, J. This is an action against the defendant to recover damages for its alleged negligence. From the judgment therein on the verdict in defendant's favor,

plaintiff appealed on questions of law. The parties will be referred to as they appeared in the trial court.

At about 3:30 a. m. on the morning of December 1, 1943, plaintiff became a passenger in one of defendant's cabs and, while he was being transported as such passenger, the cab in which he was riding was involved in a collision, at the intersection of Superior and Adams streets in the city of Toledo, with a motor vehicle operated by another and approaching from defendant's left. As a result of this collision, plaintiff sustained certain personal injuries.

The petition of plaintiff contains six specifications of negligence on the part of the defendant as the proximate cause of plaintiff's injuries. Defendant, in its answer, denied negligence and that the collision occurred in the manner claimed by plaintiff, and averred that the sole cause of the collision was the negligence of the driver of the other motor vehicle. The answer contains a further defense that plaintiff failed to exercise ordinary care for his own safety.

Plaintiff assigns a number of errors which we shall consider so far as may be necessary to briefly set forth the conclusions we have reached.

Immediately following the opening statements of counsel, plaintiff asked leave to amend his petition by pleading Section 64(a) of the Ordinances of the city of Toledo. That section contains provisions for traffic-control signals at street intersections. Defendant objected and its objection was sustained by the court.

The provisions of the ordinance in question appear to be in conflict with the new traffic act of Ohio, effective September 6, 1941, and particularly in conflict with Section 6307-15, General Code, relative to flashing traffic signals. The act provides that it "shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein."

Section 6307-6, General Code. It appears that the objection was properly sustained.

Counsel for defendant in his opening statement to the jury said, in substance, that his client did not have insurance and if a judgment were rendered the shareholders would have to pay such judgment. An objection was interposed. No court reporter was present when the opening statements were made, but, before the introduction of any evidence, the matter was brought to the attention of the court. In the discussion between counsel in open court, and in the presence of the jury, it was tacitly conceded that the statement complained of was made and objected to at the time. However, the trial judge ruled that this was a controversy between the lawyers and that the record could not now be encumbered. Exceptions were saved by plaintiff.

We call attention to the provisions of the General Code as to trial procedure, Section 11420-1, and particularly subdivisions 1 and 2 thereof, as follows:

"1. The plaintiff concisely must state his claim, and briefly may state his evidence to sustain it;

"2. The defendant must then briefly state his defense, and briefly may state his evidence in support of it * * *."

Those provisions of the code place a definite limit on the range or amplitude of opening statements. In the instant case, the statement complained of was foreign to the "defense" of any issue raised in the pleadings, and likewise alien to any "evidence in support of it."

Where a brief and concise summary of the issues and what the evidence to be offered will tend to establish is made, the jury, the trial judge and opposing counsel may readily apprehend the nature and character of the controversy. Furthermore, the members

of the jury at this stage of the trial are peculiarly alert and impressionable, and this lends emphasis to the propriety of observing the provisions of the General Code.

The purpose motivating the statement complained of as well as its impropriety is apparent. It was calculated to influence the jury in its deliberations on a verdict to the prejudice of plaintiff. It does not appear that its manifest purpose was sterile.

Plaintiff complains that the court erred in the admission of certain testimony offered by defendant. This testimony concerned the operation of the Buick automobile which collided with the cab in which plaintiff was a passenger, and was to the effect that on the night of the collision, and many times prior thereto, this motor vehicle was observed on the city streets, occupied by "kids," ambling around town and passing through intersections at excessive rates of speed. Timely objections were made to this line of testimony and overruled.

The rule is well known that all evidence offered and received must be relevant to the issues. This rule excludes collateral matters. The reason for the rule is that evidence of collateral matters directs the minds of the jurors away from the issues, tends to mislead them and creates bias and prejudice. 17 Ohio Jurisprudence, 172, Section 133, and cases therein cited.

In this connection, we wish to make a further observation. The defendant in its answer, in addition to denying generally, averred "that the negligence of the driver of the car which collided with the cab was the sole cause of said collision." That averment does not comply with the provisions of the General Code defining what the answer must contain. Section 11314, General Code.

That allegation does not constitute "a defense" to the petition and raises no issue in the case. Its presence in the answer confused the issues and might have been responsible for the admission of the incompetent evidence now under consideration. We consider the admission of this evidence erroneous and prejudicial. *Leopold* v. *Williams,* 54 Ohio App., 540, 8 N. E. (2d), 476.

In view of the foregoing and the conclusions we have reached, it becomes unnecessary to consider the remaining assignments of error.

The judgment of the trial court is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

Carpenter and Stuart, JJ., concur.