206 N.J. Super. 355 (1985)
502 A.2d 1157
MORTON PEKTER AND MARILYN PEKTER, HIS WIFE, PLAINTIFFS-APPELLANTS
v.
JANE MARIE PRICE AND RUTH L. PRICE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 4, 1985.
Decided December 23, 1985.
*356 Before Judges KING, SIMPSON and SCALERA.
Carl Ahrens Price, attorney for the appellants.
Gruccio, Pepper, Giovinazzi, Butler, DeSanto & Mann, attorneys for the respondents (Robert A. DeSanto, of counsel; Walter F. Gavigan, on the brief).
The opinion of the Court was delivered by SIMPSON, J.A.D.
Plaintiff Morton Pekter, a roller skater injured in a collision with a car driven by defendant Jane Price, appeals from a judgment entered in favor of defendant following a jury verdict finding him 80% negligent and defendant 20% negligent, and an *357 order denying his motion for judgment notwithstanding the verdict or for a new trial. Plaintiff testified that he was skating in the parking lane in the direction of traffic that had two other driving lanes in the same direction. He was wearing prescription sunglasses with a rearview mirror attached thereto, but never saw defendant's car before the accident occurred. He was not skating on the sidewalk because the expansion cracks on the concrete "make it very rough and very dangerous." Defendant testified that plaintiff was coming towards her in the parking lane and then skated into the passenger side of her car, which was in the middle lane, and damaged the antenna and right hand door of the car. On this appeal plaintiff contends that:
POINT I.
THE TRIAL COURT WAS IN ERROR WHEN IT DENIED PLAINTIFF'S APPLICATION FOR A NEW TRIAL.
POINT II.
THE JUDGE WAS IN ERROR WHEN HE CHARGED A VIOLATION OF A MOTOR VEHICLE STATUTE (N.J.S.A. 39:4-34) ... AND IN DEFINING THE PLAINTIFF AS A PEDESTRIAN UNDER THE ACT BY REFERENCE TO N.J.S.A. 39:4-32 [sic  apparent reference is to 39:1-1].
In Point I, plaintiff asserts that the verdict was against the weight of the evidence and that the judge's charge was defective in failing to include "the doctrine of last clear chance" or "sudden emergency." With respect to the weight of the evidence, our review is limited by R. 2:10-1 and Dolson v. Anastasia, 55 N.J. 2, 6-8 (1969). Our canvass of the record, with due regard to the trial judge's "feel of the case" satisfies us that it does not clearly appear that there was a miscarriage of justice under the law. Except as set forth in Point II, there was no objection to the charge and there was no request to charge last clear chance or sudden emergency. Under these circumstances, we are also satisfied that the judge's charge as to negligence and proximate cause was sufficient and there was no error in not, sua sponte, charging these other doctrines of doubtful applicability to the propositions of fact asserted in this case. Cf. State v. Green, 86 N.J. 281 (1981); Latta v. Caulfield, *358 79 N.J. 128 (1979); Harpell v. Public Service Coordinated Transport, 20 N.J. 309 (1956); Pangborn v. Central Railroad Co. of N.J., 18 N.J. 84 (1955); Roberts v. Hooper, 181 N.J. Super. 474 (App.Div. 1981).
As to Point II, the judge instructed the jury that under N.J.S.A. 39:1-1 "`Pedestrian' means a person afoot" and by judicial interpretation includes "a pedestrian even though using roller skates." He also read the jury the third and fourth sentences of N.J.S.A. 39:4-34:
On all highways where there are no sidewalks or paths provided for pedestrian use, pedestrians shall, when practicable, walk only on the extreme left side of the roadway or its shoulder facing approaching traffic.
Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.
The judge then properly advised the jury that if plaintiff violated this standard of conduct established by the Traffic Act they could consider it in determining whether plaintiff was negligent, but such violation was not negligence per se and they could find it was not negligence. Although the Legislature has provided that bicycles and motorized bicycles shall ride on the right side of roadways, N.J.S.A. 39:4-14.2 and 14.3, it has not specifically addressed the question on which side roller skaters should proceed. After noting that no statutes classified roller skates as a vehicle, however, the Court of Errors and Appeals by a vote of 13-0 had this to say in Eichinger v. Krouse, 105 N.J.L. 402, 405 (E & A 1928):
This is not at all astonishing. It is difficult to comprehend how such an absurd thought could enter the mind of an intelligent legislator.
While it is true that a pedestrian is ordinarily understood to be one who travels on foot, nevertheless, the mere circumstance, that he or she has attached to his or her feet roller skates, or ice skates, or walks on stilts, or uses crutches, or is without feet and propels himself or herself along, by means of a chair, or by some other mechanical device, does not clothe him or her, in a broad and general sense, with any other character than that of a pedestrian.
A further indication that roller skaters must be classified as pedestrians is found in the definitions contained in N.J.S.A. 39:6A-2 of the No Fault Act:
* * * * * * * *

*359 h. "Pedestrian" means any person who is not occupying, entering into, or alighting from a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks.
Since plaintiff was not being propelled by other than muscular power and roller skates are not designed primarily for use on highways, rails and tracks, it follows that for first party insurance purposes he would also be considered a pedestrian. Cf. McKenna v. Wiskowski, 181 N.J. Super. 482 (Ch.Div. 1981). See also, Annotation, "Who is `pedestrian' entitled to rights and subject to duties provided by traffic regulations or judicially stated." 35 A.L.R. 4th 1117 (1985). Plaintiff's contention that in "today's society" roller skaters should not be considered pedestrians should be addressed to the Legislature.
Affirmed.