210 N.J. Super. 14 (1986)
509 A.2d 190
TAKUKO PETTIES, ADMINISTRATRIX OF THE ESTATE OF LUTHER PETTIES, SR., AND TAKUKO PETTIES, INDIVIDUALLY, AND LUTHER PETTIES, JR., PLAINTIFFS-APPELLANTS,
v.
CLARK PETTIES, DECEASED, AND ALLSTATE INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 19, 1986.
Decided April 7, 1986.
*15 Before Judges KING, O'BRIEN and SIMPSON.
Thomas J. Shamy, attorney for appellants (William J. Shipers, on the brief).
D'Amico & Cofone, attorneys for respondents (Frank Cofone, Jr., on the brief).
The opinion of the court was delivered by SIMPSON, J.A.D.
Plaintiffs appeal from the dismissal of their claims against defendant Allstate Insurance Company for Personal Injury Protection (PIP) benefits under the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq. There are no genuine issues as to any material fact and we affirm, as a matter of law, substantially for the reasons set forth by Judge Leonard N. Arnold in his oral decision of June 21, 1985 on the cross-motions for summary judgment.
These are the material facts and circumstances: Allstate's policy provided PIP coverage for four cars owned by the *16 Petties family. Clark Petties, a son of Luther Petties, Sr. and Takuko Muto Petties, died of carbon monoxide by running one of the car's engines while it was parked in the garage of the bi-level, single-family home of the Petties. The father of decedent and a brother, Luther Petties, Jr., were asleep in separate bedrooms above the garage. Carbon monoxide seeped into the bedrooms, causing the death of Luther Petties, Sr. and personal injuries to Luther Petties, Jr. The incident causing Clark Petties' death occurred on January 12, 1984 when N.J.S.A. 39:6A-4 provided coverage for family members like the Petties
... who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian . .. [Emphasis added].
Prior to October 4, 1983 the statute provided coverage for "... bodily injury as a result of an accident involving an automobile, ..." [Emphasis added]. Allstate recognizes that the term "accident" in this statute includes intentional suicide as determined in Pennsylvania Nat'l Mut. Cas. Co. v. Miller Est., 185 N.J. Super. 183 (App.Div. 1982), and plaintiffs concede that Luther Petties, Sr. and Luther Petties, Jr. were not "occupying, entering into, alighting from or using" the car. Cf. Mondelli v. State Farm Mutual Automobile Ins. Co., 102 N.J. 167 (1986). Plaintiffs contend, however, that they are covered under the statute as "pedestrians" being struck by the fumes from the car. They rely upon N.J.S.A. 39:6A-2(h) which defines a pedestrian as
... any person who is not occupying, entering into, or alighting from a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks. [Emphasis added].
While the New Jersey Automobile Reparation Reform Act is to be construed liberally, N.J.S.A. 39:6A-16, and PIP coverage given the broadest application consistent with the statutory language, Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85 (1981), interpretations of legislation which lead to absurd or unreasonable results are to be avoided. State v. Gill, 47 N.J. 441, 444 (1966). Pedestrians are ordinarily understood to be persons travelling on foot, although they may be on roller skates, ice skates, stilts or crutches. Cf. Eichinger v. Krouse, 105 N.J.L. *17 402 (E. & A. 1929); Pekter v. Price, 206 N.J. Super. 355 (App.Div. 1985). We agree with Judge Arnold's conclusion, however, that the Legislature did not intend that persons sleeping in their beds would be considered pedestrians.
Finally, although the prior language of the statute providing coverage for bodily injury as a result of an accident "involving an automobile" might be broad enough to cover the present situation, the provision in force at the time of the incident here involved was more limited as to classes of persons protected.
Affirmed.