Accordingly, the judgment of conviction is affirmed.

LOUIS SOTOMAYOR, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, AND CHRISTIAN CARVAJAL, BY HIS GUARDIAN AD LITEM, CECILIA FLORES, AND CECILIA FLORES, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. FERNANDO VASQUEZ, JOSE MARIN, JULIO FREIJO, UNSATISFIED CLAIM AND JUDGMENT FUND, AND THE CHUBB GROUP OF INSURANCE COMPANIES, JOINTLY, SEVERALLY, AND/OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS, AND THE AETNA CASUALTY AND SURETY COMPANY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 20, 1986—Decided November 6, 1986.

Before Judges PETRELLA, BILDER and GAYNOR.

*Gregory J. Irwin* argued the cause for appellant The Aetna Casualty and Surety Company (*Harwood, Lloyd, Ryan, Coyle & McBride,* attorneys; *Victor C. Harwood, III,* on the brief).

*Mark A. Mintz* argued the cause for respondent Louis Sotomayor (*Greenberg, Feiner, Wallerstein & Benisch,* attorneys; *Mark I. Feiner,* on the brief).

*Frank P. Addas* argued the cause for respondent Unsatisfied Claim and Judgment Fund (*James & Addas,* attorneys; *Frank P. Addas,* on the brief).

Respondent Julio Freijo's brief was suppressed.

The opinion of the court was delivered by

BILDER, J.A.D.

On this appeal we are asked to consider whether a car driven by an insured driver but not owned by him is an "automobile of the named insured" for purposes of coverage by personal injury protection (PIP) benefits under an automobile liability policy. Defendant Aetna Casualty and Surety Company (Aetna) appeals from a summary judgment entered in favor of the plaintiff passenger following a finding by the trial court that he was injured while occupying the automobile of Aetna's named insured within the meaning of *N.J.S.A.* 39:6A–4.

The facts are simple and uncontested. On March 29, 1981 plaintiff Sotomayor was a passenger in an uninsured New York vehicle owned by one Jose Marin and driven by Aetna's New Jersey insured, Fernando Vasquez. The vehicle was involved in a two-car accident in New Jersey. Sotomayor had significant injuries which left him a paraplegic; his medical bills are at least $77,000. Plaintiff's liability claims were settled by the insurance carriers for the respective drivers; Aetna paying $14,000 on a $15,000 policy. Plaintiff was, however, unable to obtain PIP benefits from any source.

In this suit plaintiff sought, among other things, to recover PIP benefits from Aetna under the Vasquez policy or, alternatively, PIP payments from the Unsatisfied Claim and Judgment Fund (Fund). Aetna denied coverage, contending the accident did not involve an "automobile of the named insured" within the meaning of *N.J.S.A.* 39:6A–4. The trial judge disagreed and entered a judgment finding PIP coverage. Subsequent orders reduced the PIP claim to judgment and dismissed the claim against the Fund. Aetna appeals from the orders finding PIP coverage and reducing the claim to judgment. Plaintiff cross-appeals from the dismissal of his PIP claim against the Fund.[1]

*N.J.S.A.* 39:6A–4 provides that, in addition to PIP coverage to the named insured and members of his family residing in his household, PIP coverage must also be afforded "to other persons sustaining bodily injury while occupying the automobile of the named insured." Aetna argues that the automobile must be owned by the named insured in order to afford this "other persons" protection. We agree with Judge Castano that its attempt to add this condition to the statutorily mandated coverage must fail.

As Judge Castano properly noted, Aetna's policy must conform to the statutory requirements; to the extent it does not, it is automatically amended by operation of law to do so. *See Allstate Ins. Co. v. Malec,* 104 *N.J.* 1, 6 (1986). Any attempt to make the coverage more restrictive is ineffective. *See Motor Club of America Ins. Co. v. Phillips,* 66 *N.J.* 277, 293 (1974). To the contrary, the coverage will be construed liberally to afford the broadest protection to automobile acci-

---

[1]Plaintiff's appeal is essentially a protective device to maintain his claim against the Fund in the event his PIP judgment against Aetna is reversed.

An examination of the record discloses the claims of plaintiff passenger Carvajal remain open, thus making this appeal interlocutory in nature. In the interest of a prompt disposition of this important question, we grant leave to appeal *nunc pro tunc.*

dent victims consistent with the language of the statute. *Allstate Ins. Co. v. Malec, supra.* It should, at the very least, be read in the way an ordinary policyholder would read it. *See Kissil v. Beneficial Nat. Life Ins. Co.*, 64 *N.J.* 555, 561 (1974).

■ We agree with Judge Castano that the addition of the notion of ownership to the phrase "automobile of the named insured" is unwarranted. From a plain reading of *N.J.S.A.* 39:6A–4, it is clear that it is directed at three classes of people when they are injured as a result of an accident involving an automobile: the named insured and his family, non-family occupants of the insured's car and pedestrians. Unlike the insured and his family to whom the broadest coverage is afforded, *see Selected Risks Ins. Co. v. Allstate Ins. Co.*, 179 *N.J.Super.* 444, 448 (App.Div.1981), certif. den. 88 *N.J.* 489 (1981), others obtain coverage only if they have a connection with the automobile. There is nothing in the statute to suggest the automobile must be owned by the insured. Common experience tells us that cars are often driven by non-owners. Cars are borrowed and loaned; rented for a short time and used on long-term leases. To engrave a condition of ownership on the statute would restrict the coverage, narrow the protection afforded and defeat the ordinary expectations of the policyholder. As we have already noted, it is well established that such results are to be eschewed.

Moreover, an interpretation of *N.J.S.A.* 39:6A–4 engrafting this additional condition of ownership would lead to absurd and unreasonable results. *See Petties v. Petties*, 210 *N.J.Super.* 14, 16 (App.Div.1986). For example, *N.J.S.A.* 39:6A–4 affords protection to pedestrians "sustaining bodily injury caused by the named insured's automobile." The legislature could not have intended to make a pedestrian's rights dependent upon ownership of the automobile thus ignoring a more relevant relationship—operation. It could not have intended to leave remediless a pedestrian struck by the insured driver of a borrowed vehicle.

Vasquez' operation of the Marin vehicle was no more than the use of a temporary substitute for his own vehicle, admittedly covered by the named insured's liability policy. We are fully satisfied the borrowed car was also covered by the named insured's PIP policy. As Judge Castano concluded in his oral opinion:

> Strong public policy of the State requires construction of the insurance policy in a manner to provide the broadest range of protection. [Citations omitted].
>
> There's simply no reason to exclude the plaintiff because he was a passenger in a borrowed car rather than in Vasquez's own car, particularly when the insurance company admits liability coverage and, more particularly, when the legislature makes no distinction between owned and borrowed cars.

█ In view of the PIP coverage afforded plaintiff by Aetna's policy, he had no claim against the Fund. The liability of the Fund for PIP benefits in excess of $75,000 is only to Aetna; only Aetna may assert that claim. *N.J.S.A.* 39:6–73.1.

We affirm all the orders appealed from.