## Schoffstall v. Prudential Property & Casualty Insurance Company

*Richard A. Sadlock,* for plaintiffs.
*James F. Carl,* for defendant.

LEWIS, *J.,* November 14, 1994—On July 4, 1992, the plaintiffs William and Judy Schoffstall decided to celebrate Independence Day by attending one of our country's favorite spectator events, stock car racing. Little did they know that born on this particular Fourth of July would be a new and previously unresolved legal issue in American jurisprudence: To wit, whether the plaintiffs may recover first party benefits from their automobile insurance carrier for injuries caused by a race car while they were spectators at a racing event. For reasons set forth below, we hold that the plaintiffs may not recover.

The facts of the case are not in dispute. The Schoffstalls were spectators at the Port Royal Speedway in Juniata County. As often happens, the monotony of the sport's seemingly endless pursuit was interrupted by an accident involving several cars in the race. As a result of the accident, debris from the wreckage flew from the racetrack into the spectator stands injuring the Schoffstalls. The Schoffstalls subsequently filed a claim with their automobile insurance carrier, defendant Prudential Property & Casualty Insurance Company. After Prudential refused to pay any first party benefits under its policy issued to the Schoffstalls, a complaint was filed in Dauphin County. The case is before this court on cross-motions for summary judgment.

A motion for summary judgment is available where the pleadings, depositions, answers to interrogatories, and admissions on file manifest that there are no genuine issues of material fact. Pa.R.C.P. Rule 1035(b). In cases involving insurance policies, summary judgment is ap-

propriate where the facts are not in dispute and the court must only determine whether the facts of the case fall within the terms of the insurance contract. *E.g., Donegal Mutual Insurance Co. v. Transamerica Insurance Co.,* 62 D.&C.2d, 374 (Allegh. 1973).

The controlling question in this case is whether the Schoffstalls were *pedestrians* at the time of the accident. According to the Schoffstalls' insurance policy, they are entitled to recover benefits from injuries sustained as pedestrians arising out of the maintenance or use of a motor vehicle. The Schoffstalls argue that because they were pedestrians injured by a motor vehicle, they are entitled to recover the insurance benefits as a matter of law. Prudential maintains that the Schoffstalls were not pedestrians at the time of the accident, but rather, spectators. Therefore, Prudential argues, the Schoffstalls are not entitled to recover under the policy as a matter of law.

The Motor Vehicle Code's definition of pedestrian is woefully inadequate. Section 102 defines a pedestrian as "a natural person afoot."[1] 75 Pa.C.S. §102; see also, 1 Pa.C.S. §1991. Although afoot suggests that a person must be on his or her feet and in motion, the definition of pedestrian cannot be so confined. For instance, a person standing and waiting to cross an intersection is surely a pedestrian although not in motion. Likewise, a person in a wheelchair or on a bicycle may be a pedestrian although not on his or her feet. Nonetheless, the definition of pedestrian cannot be so broadly defined as to include all persons injured by a motor vehicle

---

1. We will not attempt to explain what the legislature meant by "natural" person. We can merely speculate that E.T. and Alf would be excluded as nonpedestrians.

regardless of the circumstances of the accident. *Olmstead v. Miller*, 383 N.W.2d 817 (N.D. 1986).

Although we could not find an analogous case in Pennsylvania, the New Jersey case of *Petties v. Petties*, 509 A.2d 190, 192 (N.J. Super. 1986) is persuasive. In *Petties*, the court held that "[p]edestrians are ordinarily understood to be persons traveling on foot, although they may be on roller skates, ice skates, stilts or crutches." Using this definition, the New Jersey Superior Court held that family members asleep in their home, who were killed by carbon monoxide poisoning from a car engine, were not pedestrians for purposes of recovering automobile insurance benefits. *Id.*

In *Olmstead*, the Supreme Court of North Dakota held that "[t]he term pedestrian generally connotes a person who is on foot and on or about a public highway or street where motor vehicle laws apply." *Olmstead*, 383 N.W.2d at 820; see also, *Braswell v. Burrus*, 284 A.2d 41 (Md. App. 1971). The court held that persons injured by a motor vehicle while they are in their homes are not pedestrians for purposes of North Dakota's No-Fault Act. *Olmstead*, 383 N.W.2d at 82.

It is our opinion that a pedestrian is a person not in a motor vehicle who is traveling or standing on or near a public highway, street or other place where motor vehicle laws apply. Using this definition, the Schoffstalls clearly cannot recover first party benefits under their automobile insurance policy. The Schoffstalls were spectators at the time of the accident. They were not traveling or standing on or near a public highway or street. Rather, they were sitting at a privately owned racetrack when the accident occurred. Even under the broadest definition of pedestrian, the Schoffstalls do not qualify.

Therefore, because there are no genuine issues of material fact, the defendant Prudential is entitled to summary judgment as a matter of law.

## ORDER

And now, November 14, 1994, it is hereby ordered that the defendant's motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied.