DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, granting partial summary judgment to an insured in a dispute over underinsured motorist coverage. Because we conclude that the trial court properly found insurance coverage, we affirm.
 {¶ 2} On July 23, 1999, appellee Donna Mae Schroeder was struck by a pickup truck as she was riding her bicycle on a Lucas County road. The accident was due to the negligence of the pickup truck driver. Donna Mae Schroeder was seriously injured.
 {¶ 3} Donna Mae Schroeder was insured under policies issued to her husband, appellee John Schroeder, by appellants Auto-Owners Insurance Company and Home Owners Insurance Company. With appellants' consent, appellees settled with the tortfeasor for the limits of his insurance policy. After exhaustion of the tortfeasor's insurance, appellees sought underinsured motorist coverage under the policies issued by appellants. When appellants failed to honor appellees' claim, they initiated the lawsuit which underlies this appeal. Appellees sought a declaration of coverage and damages for breach of contract and bad faith. Appellants responded with a counterclaim for declaratory judgment.
 {¶ 4} The issue of coverage was submitted to the court on cross-motions for summary judgment. Both policies provided underinsured motorist coverage for an insured when the insured is injured while a "pedestrian." Appellants argued that the term "pedestrian" does not encompass one who is on a bicycle. Appellees argued that the word "pedestrian" in these policies is ambiguous in that the ordinary meaning of the word refers to a person on foot while common insurance industry usage of the term refers to one who is not in a vehicle. Construing the policy in favor of the insured, appellees argued, Donna Mae Schroeder was a "pedestrian" and, therefore, entitled to coverage.
 {¶ 5} The trial court ruled in favor of appellees. This matter is before us on an interlocutory appeal pursuant to Civ.R. 54(B).
 {¶ 6} Appellants set forth the following single assignment of error:
 {¶ 7} "The trial court erred in granting appellees' motion for summary judgment and in denying appellants' motion for summary judgment."
 {¶ 8} The language of the two policies at issue is identical. On page one, Section I of the insuring agreement, the "Definitions" section is prefaced by the following:
 {¶ 9} "To understand this policy, you must understand the meaning of the following words. These words appear in bold facetype whenever used in this policy and endorsements attached to this policy."
 {¶ 10} "The term "pedestrian" is not defined in the general definitions section of the policy, nor is it defined in the more specific definitional section found in the "underinsured motorist coverage" portion of the policies. The word does, however, appear in bold face in the "coverage" section:
 {¶ 11} "2. Coverage
 {¶ 12} "a. We will pay compensatory damages an injured person is legally entitled to recover:
 {¶ 13} "(1) from the owner or operator of an underinsuredautomobile;
 {¶ 14} "(2) for bodily injury sustained while occupying or getting into or out of an automobile that is covered bySECTION II — LIABILITY COVERAGE of the policy.
 {¶ 15} "b. If the first named person in the Declaration is an individual, this coverage is extended as follows:
 {¶ 16} "(1) We will pay compensatory damages you are legally entitled to recover:
 {¶ 17} "(a) from the owner or operator of an uninsured
[sic] automobile;
 {¶ 18} "(b) for bodily injury you sustain;
 {¶ 19} "1. when you are a pedestrian; or
 {¶ 20} "2. while occupying an automobile you do not own which is not covered by SECTION II — LIABILITY COVERAGE of the policy.
 {¶ 21} "(2) The coverage extended in (1) above is also provided to a relative who does not own an automobile.
 {¶ 22} "c. The bodily injury must be accidental and arise out of the ownership, maintenance or use of the underinsuredautomobile."
 {¶ 23} "You" is defined in the policy as the first named insured on the declarations page (John Schroeder) and, if the first named insured is an individual, "* * * your spouse who resides in the same household." It is undisputed that Donna Mae Schroeder is John Schroeder's spouse and resides with him.
 {¶ 24} The construction of a written contract is a matter of law and subject to review de novo. Saunders v. Mortensen,101 Ohio St.3d 86, 88, 2004-Ohio-24, at ¶ 9. The role of the court in interpreting contracts is to ascertain and give effect to the intent of the parties. There is a presumption that the language of a contract embodies the intent of the parties. If intent is plain from the language of the agreement, there is no need to interpret the contract. Id., citing Altman Hosp. Assn. v.Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51. If, however, the provisions of an insurance contract are reasonably susceptible to more than one interpretation, it is a rule of construction that the effect given is strictly against the insurer and liberally in favor of the insured. King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus; Clarkv. Scarpelli, 91 Ohio St.3d 271, 282, 2001-Ohio-39. A contract must be read as a whole and the intent of each part gathered from a consideration of the whole. Sanders, supra, at 89,2004-Ohio-24 at ¶ 16.
 {¶ 25} The controversy in this matter is over the word "pedestrian." Appellants insist that the word should be given its common ordinary meaning: "going on foot * * * of, relating to, or designed for walking[.]" Merriam Webster's Collegiate Dictionary (10 Ed. 1996) 856. Since Donna Mae Schroeder was riding a bicycle, rather than afoot, appellants insist that she was not entitled to coverage.
 {¶ 26} Appellees, on the other hand, maintain that the word "pedestrian" has a customary meaning in the auto insurance industry which encompasses anyone not occupying a motor vehicle. Indeed, supporting their motion for summary judgment, appellees submitted numerous policy forms from other states, including those issued by appellants, which use the definition appellees advance. Citing Humphrey v. Ohio Dept. of Mental Health Retardation (1984), 14 Ohio App.3d 15, appellees insist that the customary meaning or trade usage must be considered when interpreting words or phrases within a contract. Here, the trial court concluded that there was more than one plain and ordinary meaning of the term "pedestrian." The court referred to the meaning advanced by appellants and the customary usage relied upon by appellees. The court also noted that "pedestrian" as defined in Black's Law Dictionary (6 Ed. 1992) 1131, encompasses not only persons traveling on foot, but also, "* * * on roller skates, ice skates, stilts or crutches," thus, finding the term "pedestrian" susceptible to more than one meaning. Construing the language strictly against the insurer and liberally in favor of appellees, the court found uninsured motorist coverage for appellees.
 {¶ 27} Evidence of custom or usage may not be considered when the meaning of a contract is clear. It is only when the meaning of a writing is doubtful that such evidence may be considered.Humphrey v. Ohio Dept. of Mental Health, supra, at 17, citingThomas v. Guarantee Title Trust Co. (1910), 81 Ohio St. 432. Consequently, appellees' evidence of industry-wide usage may not be considered unless there is an inherent ambiguity in the word or phrase at issue.
 {¶ 28} Appellees argue that the fact that the word "pedestrian" appears in bold face when the policy states that words in bold-face type obtain a specially defined meaning means that the word is inherently ambiguous. There is authority that, when the same word appears in both bold face and in ordinary type in the same contract, a different meaning may be ascribed to each. Silverman v. Economy Fire Cas. Co. (1995),272 Ill.App.3d 490, 493. It has also been held that, when a term specially defined in the policy when appearing in bold-face type is printed in another type face, the term is ambiguous because it may be read as defined or as in common usage. City of Boise v.Planet Ins. Co. (1994), 126 Idaho 51, 55.
 {¶ 29} Illinois and Idaho cases are, of course, only persuasive for our purposes, but they do support the notion that the use of varying type faces in an insurance policy has significance when the policy purports to ascribe specific unusual meanings to them. Less clear is the circumstance where the policy appears to ascribe specific meaning to a term in bold face, while failing to define that specific meaning. While this circumstance might inject a certain amount of confusion into the mix, we are not certain that, by itself, it makes the term susceptible to more than one interpretation. Absent a specified definition ascribed to the bold-face term, the only definition attributable would be common usage.
 {¶ 30} More problematic from appellants' viewpoint is the reliance of the trial court on the definition of the word "pedestrian" in Black's Law Dictionary. Black's has long been relied upon by Ohio courts for the common meaning of language. See GMC v. Wilkins, 102 Ohio St.3d 33, 42, 2004-Ohio-1869, at ¶72, quoting Queen City Valves v. Peck (1954), 161 Ohio St. 579,583; Harden v. Ohio A.G., 101 Ohio St.3d 137, 139,2004-Ohio-382, at ¶ 9; City of Canton v. State,95 Ohio St.3d 149, 154, 2002-Ohio-2005, at ¶ 28; State v. Muncie (2001),91 Ohio St.3d 440, 449; State v. Conyers (1999),87 Ohio St.3d 246, 250; Cooley v. State (1906), 74 Ohio St. 252, 253.
 {¶ 31} Black's, supra, at 1131, states that, "[w]hile `pedestrians' are ordinarily understood to be persons traveling on foot, they may be on roller skates, ice skates, stilts or crutches." Black's refers to a New Jersey case, Petties v.Petties (1986), 210 N.J.Super. 14; 509 A.2d 190, 192, as the source of the broader definition. Petties refers to a much earlier case for a more complete statement of the definition:
 {¶ 32} "While it is true that a pedestrian is ordinarily understood to be one who travels on foot, nevertheless, the mere circumstances, that he or she has attached to his or her feet roller skates, or ice skates, or walks on stilts, or uses crutches, or is without feet and propels himself or herself along, by means of a chair, or by some other mechanical device, does not clothe him or her, in a broad and general sense, with any other character than that of a pedestrian." Eichinger v.Krouse (1929), 105 N.J.L. 402, 405; 144 A. 638, 639.
 {¶ 33} With this etymology, the reasonable next question to ask is whether a bicycle is one of the "other mechanical device[s]" upon which a person may convey himself or herself, yet maintain the status of a pedestrian. By asking this question, we concede that the definition of the word "pedestrian" is ambiguous. Once we conclude that the word "pedestrian" is ambiguous, evidence of a customary usage may be properly considered. In that regard, the court had before it ample evidence of numerous instances of the use of the word "pedestrian" in the insurance industry which appellants' own representative admitted encompassed a bicycle rider.
 {¶ 34} Once we accept that there is an ambiguity in the meaning of the word "pedestrian" and that one of the meanings is advantageous to the insured, we must construe the disputed word or phrase in favor of the insured. King v. Nationwide Ins. Co.,
supra. That is what the trial court did in this instance.
 {¶ 35} Accordingly, appellants' single assignment of error is not well-taken.
 {¶ 36} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellants pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.