94

Roszman, Admx., Appellee, *v.* Sammett, d. b. a. Homer F. Sammett Trucking Co., Appellant.

[Cite as Roszman v. Sammett (1971), 26 Ohio St. 2d 94.]

(No. 70-161—Decided April 28, 1971.)

*Messrs. Stansberry & Schoenberger,* and *Mr. Loren C. Schoenberger,* for appellee.

*Messrs. Myers, Spurlock & Sears, Mr. Robert B. Spurlock* and *Messrs. Roth & Bacon,* for appellant.

STERN, J. The record presents this question for determination:

Do the facts and circumstances as disclosed by the

record show a wanton act on the part of the defendant which precludes the defendant from urging the negligence of plaintiff's decedent as a defense to this action?

The basis for plaintiff's claim, as set forth in her petition and evidence adduced in her behalf, is that the proximate cause of her decedent's death is the wanton misconduct of the defendant. If the evidence supports plaintiff's position, then the defendant's assertion that the decedent was contributorily negligent as a matter of law by virtue of R. C. 4511.21 (assured-clear-distance-ahead statute) is not tenable.

R. C. 4513.03 is a mandatory requirement that every vehicle upon a street or highway during the time from one-half hour after sunset to one-half hour before sunrise shall display lighted lights. This statute was passed for the protection of the public. A violation of this enactment is negligence per se. *Schell* v. *DuBois* (1916), 94 Ohio St. 93; *Chesrown* v. *Bevier* (1920), 101 Ohio St. 282; and *Claypool* v. *Mohawk Motor* (1951), 155 Ohio St. 8. The basis of the claims in *Chesrown* and *Claypool* was the failure of the defendant in each case to display proper lights.

In view of the basis upon which plaintiff bases her claim, we can only consider whether the evidence established by plaintiff supports the claim that defendant's acts could be considered wanton misconduct as a jury issue.

In the instant case, the record does not disclose that defendant's operator of the tractor-trailer committed a wilful tort, even though he was negligent in not having his tail lights lit when he entered the highway.

"The difference between negligence and willfulness is a difference in kind and not merely a difference in degree, and, accordingly, negligence cannot be of such degree as to become willfulness. Generally a willful act involves no negligence, but it has been also held that a willful act may include the element of negligence." 65 Corpus Juris Secundum, 546, Section 9(1).

In *Universal Concrete Pipe Co.* v. *Bassett* (1936), 130 Ohio St. 567, this court held that mere negligence is not

converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tort-feasor.

In order to establish wantonness, the conduct must be supported by evidence that shows a disposition to perversity, such as acts of stubbornness, obstinacy or persistency in opposing that which is right, reasonable, correct or generally accepted as a course to follow in protecting the safety of others.

Such perversity on the part of the tort-feasor must be found to be under such circumstances and existing conditions that the party doing the act, or failing to act, must be conscious from his knowledge of such surrounding circumstances and existing conditions that his conduct will, in all common probability, result in injury. See *Universal Pipe Co.* v. *Bassett, supra.*

The facts in this case are distinguishable from *Kellerman* v. *J. S. Durig Co.* (1964), 176 Ohio St. 320.

In *Kellerman,* the driver of the defendant's truck permitted it to remain stationary, blocking one lane of a two-lane highway, for more than 45 minutes after darkness set in, without lights and without warning signals of any kind on either the tractor or the trailor, although warning flares were available to him. In the instant case, plaintiff's evidence indicated that all lights on the towing truck were in operation; that after the tractor-trailer had been towed along the highway for about 175 to 200 feet, the engine and the left-turn signal became activated. At that juncture, both vehicles were stopped, and remained stationary, blocking the southbound lane, only long enough to disengage the tow chain. In *Kellerman,* it is obvious that, by virtue of the surrounding circumstances and existing conditions, the truck driver should reasonably have anticipated that his failure to do anything to protect others using the highway while his truck was stalled, with a strong probability that it would result in injury to other users of the highway. In this case, there was no such probability.

In *Kellerman,* there was evidence to establish that

the tort-feasor's truck was not discernible after dark. In this case, there was no evidence to establish that the defendant's truck was not discernible.

In the instant case, plaintiff failed to establish any conduct on the part of defendant's driver that showed a persistency in acting over a period of time or under such circumstances which could leave defendant's driver with the conscious attitude to act in a manner that harm would result from such failure which was so great and so probable that actually he knew of such danger, nor was it even shown that, with all lights on the towing truck and left-turn signal on the towed truck illuminated, probable danger ought to have been known by the defendant.

The burden of proof is upon the plaintiff to show wanton misconduct on the part of the defendant's driver. Such proof must be of a nature that shows all absence of care or an absolute perverse indifference to the safety of others, knowing of a dangerous situation, yet failing to use ordinary care to avoid injury to others. A reading of the record in this case does not show that, under all surrounding circumstances and conditions, there was any intentional act on the part of the defendant's driver to operate the tractor-trailer without lights that would make it discernible to a driver operating a motor vehicle in the same lane in which the defendant's vehicle was standing with its left-turn signal flashing while the truck driver disengaged the tow chain. Plaintiff's proof failing to establish wanton misconduct, she is relegated to the issue of negligence, with contributory negligence of her decedent available to defendant as a defense.

The evidence presented by the plaintiff shows that the decedent operated his automobile at a speed greater than would permit him to bring it to stop within the assured clear distance ahead. Under the record, plaintiff's decedent was contributorily negligent as a matter of law. Contributory negligence being a complete defense in a negligence action, no jury issue was presented, and, therefore, the trial court did not err in directing a verdict for the defendant.

The judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

O'Neill, C. J., Schneider, Corrigan and Leach, JJ., concur.

Herbert, J., concurs in the judgment.

Duncan, J., concurs in the syllabus but dissents from the judgment.