SHAFFER, Admr., Appellant,

v.

FITE, Appellant; HARDYMAN, Appellee.■

[Cite as *Shaffer v. Fite* (1993), 90 Ohio App.3d 373.]

Court of Appeals of Ohio,
Brown County.

No. CA93–01–001.

Decided Sept. 20, 1993.

*Bradley A. Powell,* for appellant Janet Shaffer.

*Freund, Freeze & Arnold and Gordon D. Arnold,* for appellant Kristi N. Fite.

*Gary D. Ostendarp,* for appellee Marshall Hardyman.

WALSH, Judge.

Plaintiff-appellant, Janet Shaffer ("appellant"), administrator of the estate of Tony H. Shaffer ("Shaffer"), and defendant-appellant, Kristi N. Fite, appeal a decision of the Brown County Court of Common Pleas that granted summary judgment in favor of defendant-appellee, Marshall Hardyman, in a wrongful death action. The action was brought against Fite and Hardyman by appellant

and arose out of a January 17, 1991 vehicular collision on State Route 62 in Brown County.

The record shows that at approximately 10:00 a.m. on January 16, 1991, Shaffer borrowed Hardyman's 1942 Ford Ferguson farm tractor in order to perform work at the farm of Harold Bowman. It is not disputed that when Hardyman loaned Shaffer the tractor, the vehicle lacked both a slow-moving-vehicle ("SMV") emblem and taillights. Upon receiving the tractor, Shaffer informed Hardyman he would return the tractor at 12:00 noon that same day.

Shaffer failed to return the tractor on January 16, 1991 as promised, prompting Hardyman to visit Shaffer at Bowman's farm at 9:00 a.m. the following morning. At that time, Shaffer told Hardyman he would return the tractor "in a little bit." Nine hours later, while driving the tractor in the darkness south on State Route 62 toward Hardyman's residence, Shaffer was struck in the rear by an automobile operated by Fite. Shaffer died as a result of injuries sustained in the collision.

Appellant thereafter initiated the instant action. In response, Fite filed a cross-claim against Hardyman. On October 29, 1992, Hardyman filed a motion for summary judgment with respect to both appellant's complaint and Fite's cross-claim. In an amended entry issued February 26, 1993, the court awarded Hardyman summary judgment, finding no genuine issue of material fact for trial. This appeal followed.

In their only assignment of error, appellant and Fite argue that the court erred in granting Hardyman's motion for summary judgment. For the reasons that follow, we agree and reverse the trial court's ruling.

█ It is well established in Ohio that summary judgment may only be granted when the following three factors have been established:

" ' * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.' " *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884, quoting *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, Civ.R. 56(C).

The burden of showing that no genuine issue exists as to any material fact falls upon the party moving for summary judgment. *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House* (1986), 24 Ohio St.3d 198, 201–202, 24 OBR 426, 428–430, 494 N.E.2d 1101, 1103–1104.

■ The complaint filed by appellant sounds in negligence. To recover in a negligence action, it is incumbent upon a plaintiff to show (1) that the defendant had a duty, recognized by law, requiring him to conform his conduct to that standard; (2) that the defendant failed to conform his conduct to that standard; and (3) that the defendant's conduct proximately caused the plaintiff to sustain a loss or injury. *Brauning v. Cincinnati Gas & Elec. Co.* (1989), 54 Ohio App.3d 38, 40, 560 N.E.2d 811, 813–814.

Our analysis begins with the recognition that R.C. 4513.02(A) defines the duty that Hardyman, as owner of the tractor, owed to Shaffer, the tractor's operator. In part, that statute states: "No person shall * * * knowingly permit to be driven or moved, on any highway any vehicle * * * which is in such unsafe condition as to endanger any person."

Appellant and Fite contend that Hardyman breached the duty set forth by R.C. 4513.02(A) when Hardyman knowingly permitted Shaffer to operate an unsafe tractor. They premise their argument that the tractor was unsafe to operate on a highway on Hardyman's failure to equip the tractor with an SMV-emblem and taillights when he loaned Shaffer the tractor and that these omissions violated R.C. 4513.11. That statute states:

"(A) All vehicles * * * including [agricultural tractors] * * * shall, at the times specified in section 4513.03 of the Revised Code, * * * be equipped with two lamps displaying red light visible from a distance of not less than one thousand feet to the rear of the vehicle, or as an alternative, one lamp displaying a red light visible from a distance of not less than one thousand feet to the rear and two red reflectors visible from all distances of six hundred feet to one hundred feet to the rear when illuminated by the lawful lower beams of headlamps.

" * * *

"(B) All * * * farm machinery * * * upon a street or highway * * *, which is designed for operation at a speed of twenty-five miles per hour or less * * * shall display a triangular slow-moving vehicle emblem (SMV). The emblem shall be mounted so as to be visible from a distance of not less than five hundred feet to the rear. * * * "

[3] As a general rule, the violation of a statute passed for the protection of the public is negligence *per se*. *Roszman v. Sammett* (1971), 26 Ohio St.2d 94, 55 O.O.2d 165, 269 N.E.2d 420, paragraph one of the syllabus; *Chesrown v. Bevier* (1920), 101 Ohio St. 282, 289, 128 N.E. 94, 96. As R.C. 4513.11 was enacted for the public safety, violation of the statute constitutes negligence as a matter of law. *Economy Fire & Cas. Co. v. Craft Gen. Contractors, Inc.* (1982), 7 Ohio App.3d 335, 337, 7 OBR 432, 434, 455 N.E.2d 1037, 1040.

We disagree with Fite and appellant's assertion that the failure of Hardyman to equip the tractor with taillights was violative of R.C. 4513.11(A) and made the tractor unsafe to operate. The unambiguous language of R.C. 4513.-11(A) reveals that the lighting devices mandated by the statute are required only during the times specified in R.C. 4513.03. Under R.C. 4513.03, taillights are mandatory equipment from "one-half hour after sunset to one-half hour before sunrise, and at any other time when there are unfavorable atmospheric conditions or when there is not sufficient natural light to render discernible persons, vehicles, and substantial objects on the highway at a distance of one thousand feet ahead."

Herein, it is not disputed that Shaffer borrowed the tractor during the daylight hours on January 16, 1991 and that he notified Hardyman he would return the tractor during the daytime that same day. Similarly, when Hardyman visited Shaffer the following morning, Shaffer again assured Hardyman that the tractor would be returned during the day. Given these circumstances, it is clear that Shaffer gave Hardyman the impression that if the tractor were to be operated on a highway, it would only be during those hours that taillights were not statutorily required. In fact, Hardyman testified at his deposition that he informed Shaffer not to operate the tractor at night because the vehicle was not equipped with taillights. In light of such evidence, we fail to detect a violation of R.C. 4513.11(A) on Hardyman's part.

However, construing the evidence most strongly in appellant and Fite's favor, we find that reasonable minds could disagree on whether Hardyman knowingly permitted Shaffer to operate an unsafe tractor because the tractor lacked the SMV emblem. According to R.C. 4513.11(B), when farm machinery is operated upon a street or highway, the machinery must display a triangular SMV emblem. The purpose of the statute is to ensure that vehicles upon a roadway are given sufficient warning that the farm machinery they are approaching is travelling at a speed of less than twenty-five m.p.h.

In the case at bar, there is no dispute that Hardyman loaned Shaffer farm machinery that did not display the SMV emblem. Unlike taillights, which are only necessary when certain atmospheric and lighting conditions are present, the SMV emblem is required at all times for farm machinery designed for operation at a speed of twenty-five m.p.h. or less, travelling within the highway. Thus, while it may have been safe for the tractor to be operated within the highway during the daylight hours without taillights, reasonable minds could come to different conclusions concerning the SMV emblem as to whether Hardyman knowingly permitted Shaffer to drive the tractor, within a highway, to Bowman's

farm without the emblem. Reference by R.C. 4513.11(D) only to a "slow-moving vehicle emblem mounting device" does not alter Hardyman's duty.

Accordingly, it is our belief that a genuine issue of material fact exists on the issue of whether Hardyman breached his duty under R.C. 4513.02(A) when he loaned Shaffer a tractor that lacked the SMV emblem. To rule otherwise would be to hold, as a matter of law, that an owner of farm machinery has exercised ordinary care under every possible circumstance when the owner loans the machine to another without a statutorily required SMV emblem. Such a proposition of law is unsound and contrary to common sense.

On the basis of the aforementioned, this court finds that the lower court improperly awarded Hardyman summary judgment. Consequently, the single assignment of error set forth by appellant and Fite is well taken and the judgment of the lower court is reversed.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, J., concurs separately.

JONES, P.J., dissents.

WILLIAM W. YOUNG, J., concurring separately.

Our dissenting colleague, "Friendly Farmer Jones," has missed the point.

By our decision today, we are merely holding that a genuine issue of material fact exists as to whether a duty had been breached. We have not declared that you may not permit your neighbor to borrow your field tractor without incurring liability.

It is fundamental law that summary judgment may be granted only where there are no genuine issues of material fact. Evidently, this proposition may be overlooked when relying on emotion rather than the law.

JONES, P.J., dissenting.

Farmers beware! The majority has declared that you cannot permit your neighbor to borrow your field tractor unless you first equip it with a slow-moving-vehicle ("SMV") sign and make certain that the taillights are working. It matters not that you are doing a favor to a friend of twenty years who needs a tractor at his place down the road. How do you refuse him? If the neighbor operates the tractor on the public road without the SMV mentioned in R.C. 4513.11, and is struck from the rear, you may have lost your farm. The majority

holds that you may have caused your neighbor's death or injury by your act in loaning him your field tractor. The opinion is absurd.

When Hardyman loaned (not rented) his 1942 tractor to Shaffer, he didn't violate R.C. 4513.11, even if the tractor had neither taillights nor an SMV sign. Since the tractor was manufactured prior to April 1, 1966, there was no requirement that the SMV sign be permanently affixed to the tractor.´ R.C. 4513.11(D). And Hardyman did not violate R.C. 4513.11(B), as the statute clearly places the burden of displaying the sign on the operator, rather than the owner. Shaffer should have grabbed a SMV sign off the barn wall and wired it to the tractor before travelling on the public roadway.

The concept of liability on the owner of a tractor trying to be a good neighbor is shocking. Obviously, the same rationale would apply if your friend borrowed your car and only one taillight was working. If he were injured, he could sue you and collect damages.

The majority cites no authority for this bizarre proposition of law. I could certainly understand the majority's holding if a farmer loaned a tractor to another, knowing it had bad brakes, and if the borrower struck and injured a third person because of the brake failure. Logically, the injured party could conceivably have a cause of action against the lender of the tractor.

This case, however, does not involve an innocent third party. The borrower himself was fatally injured. I am disturbed by the majority's unusual holding that one who borrows a tractor, without consideration, can recover from the owner when struck by a third party.

Hardyman did not breach a duty to Shaffer under R.C. 4513.02(A) simply by *loaning* him a field tractor lacking the SMV emblem. Common Pleas Judge Stapleton was correct, and I would affirm.