## In re CALHOUN.

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–54871.

Decided Sept. 12, 1994.

*Richard Jones,* for the applicant.

*Lee Fisher,* Attorney General, for the State.

RUSSELL LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the March 21, 1994 order issued by a panel of commissioners. A majority of the panel of commissioners reversed the decision of the single commissioner which had denied the applicant, Rathatis T. Calhoun, an award of reparations. The single commissioner found that there was no proof that the offender operated the motor vehicle that struck applicant in a reckless manner so as to constitute a violation of R.C. 2903.08.

The Attorney General argued that the acts of the alleged offender were not demonstrated to the degree of culpability necessary to reach the statutory definition of "reckless conduct" pursuant to R.C. 2901.22(C). Counsel for the applicant argued that the panel of commissioners heard and weighed the evidence presented and found the conduct of the alleged offender to be reckless; therefore, the applicant should qualify as a "victim of criminally injurious conduct" as defined in R.C. 2743.51(C)(1)(d).

R.C. 2743.51(C)(1)(d) provides the following:

"(C) 'Criminally injurious conduct' means either of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state. Criminally injurious conduct does not include conduct arising out of the ownership, maintenance, or use of a motor vehicle, except when any of the following applies:

" * * *

"(d) The conduct occurred on or after July 25, 1990, and the person engaging in the conduct was using the vehicle in a manner that constitutes a violation of section 2903.08 of the Revised Code."

R.C. 2903.08, aggravated vehicular assault, provides, in pertinent part, as follows:

"(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall *reckless-ly* cause serious physical harm of the type described in division (E)(2) or (5) of section 2901.01 of the Revised Code to another person.

"(B) Whoever violates this section is guilty of aggravated vehicular assault, a felony of the fourth degree. * * * " (Emphasis added.)

R.C. 2901.22(C) defines the culpable mental state of "recklessly" as follows:

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Further, the Committee Comment to H.B. No. 511, which established the definition of "culpable mental state" pursuant to R.C. 2901.22, effective January 1, 1974, provides, in pertinent part, the following:

"A person is said to be reckless under the section when, without caring about the consequences, he obstinately disregards a known and significant possibility that his conduct is likely to cause a certain result or be of a certain nature, or that certain circumstances are likely to exist. In substance, the definition follows the definition of recklessness found in *Roszman v. Sammett,* 26 Ohio St.2d 94, 55 O.O.2d 165, 269 N.E.2d 420 (1971).

"Basing the definition of knowledge on probability and the definition of *recklessness on likelihood is intentional.* Something is 'probable' when there is more reason for expectation or belief than not, whereas something is 'likely' when there is merely good reason for expectation or belief.

"A person is said to be negligent under the section when, because of a *substantial slip* from the standard of care required of him under the circumstances, he fails to notice or take steps to evade a risk that his conduct may cause a certain result or be of a certain nature, or that certain circumstances may exist. *Although the definition of 'negligence' in the new code is structured similarly to the definition of ordinary negligence used in tort law, it defines a higher degree of negligence than ordinary negligence.* For one to be negligent under this section he must be guilty of a *substantial departure from due care.* Whereas ordinary negligence merely requires a failure to exercise due care." (Emphasis added.)

A review of the facts in this claim reveals that the applicant, who had run out of gasoline in his automobile at approximately 1:30 a.m., pulled his vehicle onto a narrow berm that was bordered by a concrete wall. Part of the applicant's vehicle remained on the driving portion of the roadway while the remainder was

located on the berm. As the applicant was attempting to fill his gasoline tank, he was struck on the legs by another vehicle operated by an unknown offender traveling in the same direction as the applicant. After striking the applicant, the offender's vehicle remained at the scene for a period of time and then drove off without the operator's leaving the vehicle or offering assistance to the applicant.

■ R.C. 2743.52 places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part, the following:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

■ From review of the file, statutes and relevant case law, this court finds that the decision of the majority of a panel of commissioners is unreasonable and unlawful. For an applicant to be eligible for compensation as a result of criminally injurious conduct pursuant to R.C. 2903.08, the offender must have "recklessly" caused the serious physical injury.

The statutory definition of "recklessly" contained in R.C. 2901.22(C) is supported by the Committee Comment to H.B. No. 511, which established the mental state necessary as following: "the definition of recklessness found in *Roszman v. Sammett* 26 Ohio St.2d 94, 55 O.O.2d 165, 269 N.E.2d 420 (1971)." As stated in *Roszman,* the burden of proof is upon the plaintiff (applicant) to show wanton (reckless) misconduct on the part of defendant's (offender's) driver. Further, that "proof must be of a nature that shows all absence of care or an absolute perverse indifference to the safety of others, knowing of a dangerous situation, yet failing to use ordinary care to avoid injury to others." *Roszman,* 26 Ohio St.2d at 98, 55 O.O.2d at 167, 269 N.E.2d at 423.

For an applicant to establish his eligibility for an award of reparations pursuant to R.C. 2743.51(C)(1)(d) and 2903.08, it is necessary for the applicant to prove, by a preponderance of the evidence, that the offender operated his vehicle with "heedless indifference to the consequences" of his action. To establish this type of operation requires that the acts and risks of the offender must be known and disregarded. This proof must be established by factual evidence and probabilities, not by possibilities and speculation.

The standard applied by the majority decision of the panel of commissioners in this matter does not comply with or follow the definition of "reckless" established by R.C. 2901.22(C). Therefore, this court GRANTS the Attorney General's objection, reverses the majority panel decision, and denies applicant's claim.

*Claim denied.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.