OPINION
On May 7, 1993, appellee, Nick Samad, was arrested for trafficking in food stamps based upon an arrest warrant issued in the name of Husam Samad. Husam Samad is appellee's brother. On May 17, 1993, the charges were dismissed for lack of an identification.
On November 4, 1996, appellee filed a complaint against appellants, City of Canton, Canton Police Sergeant Jerry Thomas, Canton Police Officer Debbie Groom and numerous law enforcement officers, for unlawful arrest, search, seizure and imprisonment, false arrest, wrongful imprisonment, assault and battery, negligent or reckless use of excessive force by Thomas and Groom, negligent hiring and training of said officers and malicious prosecution.
On July 28, 1997, appellants filed a motion for summary judgment arguing immunity. By order filed October 14, 1997, the trial court granted summary judgment on appellee's claims of unlawful arrest, search, seizure and imprisonment, assault and battery and negligent or reckless use of excessive force, and found issues of fact existed concerning the remaining claims.
Appellants filed a notice of appeal and this matter is now before this court for consideration.
Assignments of error are as follows:
I
 THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT CITY OF CANTON'S MOTION FOR SUMMARY JUDGMENT BASED ON THE DEFENSE OF IMMUNITY FOR A GOVERNMENTAL FUNCTION AS SET FORTH IN CHAPTER 2744 OF THE OHIO REVISED CODE.
II
 THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT POLICE OFFICERS MOTION FOR SUMMARY JUDGMENT BASED ON THE DEFENSE OF IMMUNITY FOR AN EMPLOYEE OF A POLITICAL SUBDIVISION AS SET FORTH IN CHAPTER 2744 OF THE OHIO REVISED CODE.
 I
Appellant City claims the trial court erred in failing to grant its motion for summary judgment based upon the sovereign immunity defense under R.C. 2744.02(A)(1). We agree.
R.C. 2744.02(A)(1) provides political subdivisions with sovereign immunity when performing governmental functions:
 (A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
A governmental function is defined in R.C. 2744.01(C)(2)(a) as "[t]he provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection."
Appellant City remains in the case under appellee's fifth cause of action which states as follows:
 31. This Cause of Action is brought by Plaintiff against Defendant CITY OF CANTON, OHIO for negligence.
 32. The above-described actions of Defendants JERRY THOMAS and DEBBIE GROOM resulted from the carelessness and negligence of Defendant CITY OF CANTON, OHIO, its agents, servants, employees, or other representatives, in hiring and failing to properly train Defendants, JERRY THOMAS and DEBBIE GROOM.
 33. As a direct and proximate result of the above-mentioned carelessness and negligence of Defendant, CITY OF CANTON, OHIO, Plaintiff sustained severe physical injury, causing him great pain of body and anguish of mind, incurred substantial medical and other expenses, and was prevented from transacting his usual business.
This cause of action falls squarely within the immunity granted under R.C. Chapter 2744. It is undisputed serving valid arrest warrants and imprisoning arrestees are part of appellee City's governmental functions in operating a police force. While individual employees of political subdivisions may be held liable under R.C. 2744.03(A)(6), said section applies only to employees and not to political subdivisions. Fabrey v. McDonald PoliceDept. (1994), 70 Ohio St.3d 351.
Assignment of Error I is granted.
 II
Appellants Thomas and Groom claim the trial court erred in finding genuine issues of material fact existed as to whether their conduct was done with malicious purpose, in bad faith or in a wanton or reckless manner. We disagree.
Employees of political subdivisions are entitled to immunity unless an employee's "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C.2744.03(A)(6)(b).
Appellants Thomas and Groom remain in the case individually under appellee's second and sixth causes of action for false arrest, wrongful imprisonment and malicious prosecution. Appellee claimed these acts were done maliciously and in a wanton disregard of his rights and feelings.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
The standard in determining wanton misconduct has been set forth in Fabrey at 356:
 Defendant Chief Tyree, however, could be liable if his acts of failures to act satisfy the standard of R.C. 2744.03(A)(6)(b). We agree with appellants that the issue of wanton misconduct is normally a jury question. Matkovich v. Penn Cent. Transp. Co. (1982), 69 Ohio St.2d 210, 23 O.O.3d 224, 431 N.E.2d 652. The standard for showing wanton misconduct is, however, high. In Hawkins v. Ivy (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367, syllabus, we held that wanton misconduct was the failure to exercise any care whatsoever. In Roszman v. Sammett (1971), 26 Ohio St.2d 94, 96-97, 55 O.O.2d 165, 166, 269 N.E.2d 420, 422, we stated, `mere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor.' Such perversity must be under such conditions that the actor must be conscious that his conduct will in all probability result in injury. Id. at 97, 55 O.O.2d at 166, 269 N.E.2d at 423. In Thompson v. McNeill (1990), 53 Ohio St.3d 102, 559 N.E.2d 705, we employed the recklessness standard as enunciated in 2 Restatement of the Law 2d, Torts (1965), at 587, Section 500: `The actor's conduct is in reckless disregard of the safety of others if * * * such risk is substantially greater than that which is necessary to make his conduct negligent.'
In support of their motion for summary judgment, appellants Thomas and Groom submitted affidavits. Appellant Thomas stated the confidential informant, who had particiapted in the illegal sale of the food stamps to a person named "Sam," positively identified "Sam" as being in the store the day of the arrest. Also, appellant Thomas stated a vehicle owned by appellee had been identified as having been involved in the criminal activity. Appellant Groom stated in serving the warrant upon appellee, appellee did not question the identify of the person named in the warrant except to deny he was Nick or "Sam."
In response to appellants' motion for summary judgment, appellee pointed to significant facts which we believe, when taken in a light most favorable to the nonmoving party, establishes genuine issues of "failure to exercise any standard of care." The law enforcement officers had a photograph of the individual who illegally bought the food stamps but never checked it against appellee. Thomas depo. at 14-15, 18-19. Although appellee and "Sam" were of the same ethnic background, "Sam" was thinner in stature, taller and had thinning gray/brown hair compared to appellee. N. Samad depo. at 14-15. Appellee and Husam Samad had different social security numbers and the law enforcement officers were aware of two "Sams." Thomas depo. at 15. No verification of social security numbers was done at the time of appellee's arrest. Groom depo. at 39.
Upon review, we find the trial court did not err in denying summary judgment on appellee's second and sixth causes of action.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. Appellee's fifth cause of action is dismissed. Costs of this appeal to appellant City.