[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Sandusky County Court of Common Pleas in a personal injury suit. Because we conclude that appellants failed to establish any triable issues as to their claim of negligent entrustment and appellee firefighter and his employer township were entitled to statutory immunity, we affirm.
 {¶ 2} Appellee Thomas A. Ballard is a captain in a volunteer fire department operated by appellee Troy Township in Wood County.
 {¶ 3} On July 6, 1996, Ballard accompanied his then girlfriend, now wife, appellee Deborah Flinchum, nka Ballard, and her children to a fireworks display in Woodville, Ohio. Woodville is in Sandusky County, but abuts Troy Township. Ballard drove Flinchum's automobile which was equipped with a flashing emergency beacon for Flinchum's use when responding as a volunteer emergency medical technician.
 {¶ 4} Shortly after Ballard, Flinchum and the children arrived in Woodville, Ballard received a message via beeper from the Wood County Sheriff's Dispatcher. The call was a request to respond to a house fire a few miles away.
 {¶ 5} According to Ballard's and Flinchum's deposition testimony, upon receiving the call, they collected their party and headed for the fire. Ballard and Flinchum agree that, as they left Woodville, Ballard activated the dashboard emergency beacon and the car's four-way flashers.
 {¶ 6} Shortly after leaving Woodville, Ballard encountered a 1979 Lincoln Continental in his lane of travel. Flinchum testified that they followed the Continental for some distance during which time it sped up, then slowed down, but never moved aside. When traffic in the opposite lane cleared, Ballard began to pass the Lincoln. As Ballard was beside the Lincoln, the driver, appellant Melissa A. Bowlander, began to execute a lefthand turn into a private drive. The left front of Bowlander's car struck the passenger side of Ballard's car, causing minor body damage. Ballard and Flinchum agree that they did not see Bowlander signal a turn.
 {¶ 7} On July 1, 1998, Melissa Bowlander and her husband, appellant John C. Bowlander, sued Ballard, Flinchum and Troy Township for personal injuries Melissa Bowlander allegedly received in the collision. John Bowlander alleged a loss of consortium. The Bowlanders alleged that Ballard's negligence caused the collision, Flinchum was herself negligent for entrusting her car to Ballard and Troy Township was vicariously liable.
 {¶ 8} Following discovery, all appellees moved for and were eventually granted summary judgment. From this order, appellants now bring this appeal, setting forth the following three assignments of error:
 {¶ 9} "I. The trial court erred in granting summary judgment to Defendant-Appellee Thomas Ballard.
 {¶ 10} "II. The trial court erred in granting summary judgment to Defendant-Appellee Deborah Flinchum.
 {¶ 11} "III. The trial court erred in granting summary judgment to Defendant-Appellee Troy Township."
 {¶ 12} Appellants' assignments of error will be discussed together.
 {¶ 13} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 14} "*** (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 15} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc.(1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 I. Governmental Immunity {¶ 16} R.C. 2744.02(B) provides, in material part:
 {¶ 17} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 18} "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:
 {¶ 19} "***
 {¶ 20} "(b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct ***."
 {¶ 21} R.C. 2744.03(A)(6)(b) extends immunity to public employees, unless the employee's, "*** acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Volunteer firefighters are considered "employees" for purposes of this statute. Salmon v. Jordan (Nov. 12, 1999), Portage App. No. 98-P-0096.
 {¶ 22} Appellants insist that there is a question of fact as to whether Ballard was indeed proceeding to a fire or responding to an emergency alarm. In her deposition, Melissa Bowlander maintains that she never saw the emergency beacon Ballard claims was activated. Moreover, appellants submitted affidavits of two witnesses who said they saw no emergency lights on Ballard's car after the collision. This evidence, coupled with the observation that Ballard was accompanied by a woman and several small children, brings to question whether Ballard was indeed going to a fire, according to appellants.
 {¶ 23} Ballard responds that even though he intended to first go to his home to collect his fire fighting gear, he was nonetheless "proceeding toward a place where a fire [was] in progress" or "answering [an] emergency alarm. Consequently, Ballard and the Township contend, absent willful or wanton conduct, they are entitled to statutory immunity and summary judgment was proper.
 {¶ 24} Appellee Ballard submitted a map with his deposition. It is undisputed that the fire to which Ballard was responding was at the corner of Stoney Ridge and Devil's Hole roads. To get there from Woodville, Ballard must travel west. The apparent most direct route is Ohio Route 582. Ballard was traveling westbound on Ohio 582 when he collided with Melissa Bowlander. Inescapably, then, Ballard was, "proceeding toward a *** fire." Similarly, although there is no statutory definition of an "emergency alarm," an "emergency" is "an urgent need for assistance," Merriam Webster's Tenth New Collegiate Dictionary (1996), 377, and an "alarm is a signal that warns or alerts." Id. at 26. The beeper message Ballard undisputedly received from the sheriff's dispatch would certainly meet this definition. Further, both appellees state that Ballard intended to go to the fire, and Flinchum had not decided yet if she would go, also. There is nothing in the record which can contradict their claims. Given these uncontroverted facts, Ballard and Troy Township qualify for statutory immunity absent willful or wanton behavior.
 {¶ 25} The terms "willful" and "wanton" are substantially similar in meaning and frequently used interchangeably with the term "reckless."Thompson v. McNeill (1990), 53 Ohio St.3d 102, 104. "Wanton misconduct" has been held to be a failure, "to exercise any care whatsoever *** under circumstances in which there is a great probability that harm will result ***." Hawkins v. Ivy (1977), 50 Ohio St.2d 114, syllabus. "[M]ere negligence is not converted to wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor."Roszman v. Sammett (1971), 26 Ohio St.2d 94, 96-97. The actor must be conscious that his conduct will in all probability result in injury, id. at 97, or constitute a reckless disregard for the safety of others.Thompson v. McNeill, supra, at 104-105. Although, whether one acts wantonly or recklessly is ordinarily a question of fact, a summary judgment motion may be sustained when there is no evidence that a political subdivision employee acted wantonly or recklessly. Irving v.Austin (2000), 138 Ohio App.3d 552, 556.
 {¶ 26} The sole example of Ballard's purported willful, wanton and reckless behavior cited by appellants in this matter was Ballard's failure to sound his horn prior to attempting to overtake Melissa Bowlander's Lincoln. Even if this constitutes a traffic offense — an issue over which the parties engage in substantial debate — we cannot say that this omission marks Ballard's driving with the kind of perversity of spirit and disregard for others sufficient to label it wanton, willful or reckless. Consequently, the trial court properly granted summary judgment to Ballard and Troy Township. Accordingly, appellants' first and third assignments of error are not well-taken.
 II. Negligent Entrustment {¶ 27} To prevail on a claim of negligent entrustment, a party must 1) establish that the motor vehicle was driven with permission of the owner (defendant); 2) that the driver was in fact incompetent; and, 3) the owner (defendant) knew such facts as to imply at the time of entrustment that the entrustee was unlicensed or incompetent or unqualified. Lee v. Sunnyside Honda (1998), 128 Ohio App.3d 657, 661, citing Gulla v. Straus (1950), 154 Ohio St. 193, paragraph three of the syllabus.
 {¶ 28} The only evidence that appellants have of Ballard's incompetence is that he, arguably, improperly attempted to pass Melissa Bowlander's car. This act, assuming the truth of the allegation, does not meet the standard set forth in Gulla, at paragraph four of the syllabus, that the degree of incompetence sufficient to sustain a negligent entrustment claim is that a driver be "wholly incompetent by reason of mental or physical disability to operate a vehicle ***." Absent some evidence of such pervasive incompetence and appellee Flinchum's knowledge of it, we must concur with the trial court that appellants failed to establish a triable question with respect to negligent entrustment. Accordingly, appellants' remaining assignment of error is not well-taken.
 {¶ 29} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellants.
 JUDGMENT AFFIRMED. Richard W. Knepper, J. Judith Ann Lanzinger, J. Arlene Singer, J.