{¶ 49} Because I disagree with the majority's reasoning and conclusion with regard to Miller's immunity, I respectfully dissent.
 {¶ 50} The Ohio Supreme Court has viewed wanton and reckless conduct interchangeably. See Thompson v. McNeill (1990),53 Ohio St.3d 102, 105, fn. 1; Fabrey v. McDonald,70 Ohio St.3d 351, 356, 1994-Ohio-368. "Wanton misconduct" is defined as "the failure to exercise any care whatsoever." Fabrey,70 Ohio St.3d at 356. Negligent actions do not constitute wanton misconduct "`unless the evidence establishes a disposition to perversity on the part of the tortfeasor.' Such perversity must be under such conditions that the actor must be conscious that his conduct will in all probability result in injury." Id., quoting Roszman v.Sammett (1971), 26 Ohio St.2d 94, 97.
 {¶ 51} Adopting the position of 2 Restatement of the Law 2d, Torts (1965) 587, Section 500, the Ohio Supreme Court defined "recklessness" as follows:
 {¶ 52} "`The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" Thompson, 53 Ohio St.3d at 104-105.
 {¶ 53} Here, after viewing the evidence in a light most favorable to appellants as required by Civ.R. 56(C), I cannot conclude as a matter of law that Miller's conduct could not be viewed as wanton or reckless misconduct for which he enjoys no immunity. See R.C. 2744.02(B); R.C. 2744.03(A)(6).
 {¶ 54} Miller, who was sleep deprived, had little or no training in directing traffic, and yet was in fact directing traffic around the accident. Miller himself stated that the flow of traffic in the intersection was too much for one person to direct alone. As a result, he was directing traffic into one lane of travel, while admittedly not directing the traffic already in that lane. According to appellants, Miller directed Crawford to proceed from a stop sign, directly into Grooms' path. Miller has no recollection of doing so. Miller's actions, directing one vehicle into the path of another vehicle who had the right of way, were at the very least negligent, and a question of fact exists as to whether his conduct can be described as wanton or reckless. I would reverse the judgment of the trial court and remand this matter for a trial on the merits.