[Cite as *In re West*, 2023-Ohio-3337.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| IN RE: STANLEY WEST | Case No. 2021-00234VI |
| STANLEY WEST | Magistrate Holly True Shaver |
| Applicant | <u>DECISION OF THE MAGISTRATE</u> |

{¶1} On June 8, 2023, this case came on for a hearing on applicant's appeal of the Attorney General's ("AG") April 22, 2021 final decision denying applicant's claim. The AG denied the claim on the basis that the conduct at issue did not qualify as criminally injurious conduct as defined in R.C. 2743.51(C). The AG determined that the facts underlying applicant's claim did not fit within any of the motor vehicle exceptions as set forth in R.C. 2743.51(C)(1)(a)-(e), and, accordingly, applicant did not qualify as a victim of criminally injurious conduct.

{¶2} Applicant's attorney, Mike Falleur, made an opening statement, explaining that the previous hearing had been continued to obtain the testimony of a witness, Jeremiah Washington. However, Mr. Washington did not appear at the hearing.

{¶3} The facts of the case center on a motor vehicle accident that occurred on October 18, 2019. According to the application, applicant was involved in a motor vehicle accident on Interstate Route 71 which caused applicant's vertebrae fractures. Applicant seeks medical and related expenses. The narrative of the traffic crash report in the case file states:

> THE WITNESS AND THE OCCUPANTS OF UNIT #2 STATED THAT ANOTHER VEHICLE CUT UNIT #1 OFF, CAUSING UNIT #1 TO TAKE EVASIVE ACTION STRIKING THE LEFT REAR OF UNIT #2 BEFORE STRIKING THE MEDIAN WALL AND BREAKING THROUGH THE WALL. THE DRIVER OF UNIT #1 WAS TRANSPORTED TO GRANT HOSPITAL BY COLUMBUS EMS AND TREATED BY DR. BEEN. THE PASSENGER

OF UNIT #1 WAS TRANSPORTED TO CHILDRENS [sic] HOSPITAL AND
TREATED BY DR. SHIHABUDDIN.

{¶4}    Unit 1 was a commercial dump truck driven by applicant.  Unit 2 was a Buick
LeSabre driven by David Gloeckner, who had two passengers in his car.  The traffic crash
report states that applicant sustained "suspected minor injury" as a result of the crash.  A
witness by the name of Jeremiha Washington was listed in the crash report.[1]

{¶5}    Applicant seeks to qualify as a victim of criminally injurious conduct as set
forth in the motor vehicle exception of R.C. 2743.51(C).  The dispositive issue in this case
is whether the unidentified driver, who was reported to have cut applicant off in traffic and
who did not stop after the accident, knew that he or she had caused an accident.  It is
undisputed that the unidentified driver cut applicant off in traffic, and that applicant drove
into the median wall on the highway and sustained personal injury.  However, there is no
evidence that the unidentified driver's vehicle struck applicant's vehicle.  Although there
was dashcam video from the police cruiser, any such video was taken in response to the
accident, not as it occurred.  Counsel for applicant presented three exhibits which were
all admitted.  Exhibit 1 is two pages of a five-page document titled, "Full and Final
Disbursement of Settlement Funds in Personal Injury Case Arising from Automobile
Collision on October 18, 2019 for Stanley West".  Exhibit 2 is a photo of the accident
scene.  Exhibit 3 is an email from applicant's personal injury attorney disclosing contact
information for Jeremiah Washington.

{¶6}    Assistant AG ("AAG") Megan Hanke stated that the police officer did not
designate this accident as a "hit/skip" on the traffic crash report, and that R.C. 2743.51(C)
contains narrow exceptions for criminally injurious conduct that occurs as a result of the
use of a motor vehicle.  AAG Hanke stated that the hit and skip exception does not apply
to the facts of this case because applicant has failed to prove that the unidentified driver
had knowledge that a collision occurred.

{¶7}    Upon review of the evidence in the claim file and the arguments and exhibits
presented at the hearing, the magistrate makes the following findings.

---

[1] The magistrate notes that the spelling of Mr. Washington's first name is inconsistent throughout the case
file.

**{¶8}** R.C. 2743.52(B) states: "The court of claims has appellate jurisdiction to order awards of reparations for economic loss arising from criminally injurious conduct, if satisfied by a preponderance of the evidence that the requirements for an award of reparations have been met."

R.C. 2743.51(C) states:

**{¶9}** "Criminally injurious conduct" means one of the following:

(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state. *Criminally injurious conduct does not include conduct arising out of the ownership, maintenance, or use of a motor vehicle, except when any of the following applies*:

(a) The person engaging in the conduct intended to cause personal injury or death;

(b) The person engaging in the conduct was using the vehicle to flee immediately after committing a felony or an act that would constitute a felony but for the fact that the person engaging in the conduct lacked the capacity to commit the felony under the laws of this state;

(c) The person engaging in the conduct was using the vehicle in a manner that constitutes an OVI violation;

(d) The conduct occurred on or after July 25, 1990, and the person engaging in the conduct was using the vehicle in a manner that constitutes a violation of section 2903.08 of the Revised Code;

(e) The person engaging in the conduct acted in a manner that caused serious physical harm to a person and that constituted a violation of section 4549.02 or 4549.021[2] of the Revised Code.  (Emphasis added.)

---

[2] R.C. 4549.021 applies to collisions on any public or private property other than a public road or highway. Since the collision occurred on a public highway, the magistrate finds that this code section does not apply in this case.

{¶10} R.C. 4549.02(A)(1) states, in relevant part:

In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, *having knowledge of the accident or collision*, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the driver or operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision. (Emphasis added.)

{¶11} Applicant argues that the exception set forth in R.C. 2743.51(C)(1)(e), known as the hit and skip exception, applies in this case. In *In re Ward*, Ct. of Cl. No. V2004-61136, 2005-Ohio-4231, applicant sustained personal injuries when his motor vehicle was struck by another vehicle. The unknown driver then fled the scene of the accident. The judge found that there was no evidence to show that the unknown driver intended to cause personal injury or death, used the vehicle to flee immediately after committing a felony, used the vehicle in a manner that constitutes an OMVI violation, or used the vehicle in a reckless manner that constituted aggravated vehicular assault pursuant to R.C. 2903.08. *Ward* at ¶ 7. Moreover, the court found that for an applicant to establish eligibility for an award of reparations pursuant to R.C. 2743.51(C)(1)(d) and 2903.08, it is necessary to show that the offender acted with an "'absence of care or an absolute perverse indifference to the safety of others.' *In re Calhoun*, 66 Ohio Misc.2d 159, 643 N.E.2d 631 (1994), quoting *Roszman v. Sammett*, 26 Ohio St.2d 94, 98, 269 N.E.2d 420 (1971)." *Id.* at ¶ 8.

{¶12} Upon review of the case file and in consideration of the arguments and exhibits presented at the hearing, the magistrate finds that applicant has failed to prove, by a preponderance of the evidence, that he qualifies as a victim of criminally injurious

conduct. While it was proven that applicant was cut off in traffic by an unidentified driver, there is no evidence that the unidentified driver's vehicle collided with applicant's vehicle, which would tend to show that the driver had knowledge of a collision. Furthermore, no evidence has been presented that the unidentified driver was aware that his or her actions caused a motor vehicle collision. The magistrate notes that applicant's Exhibit 2 shows the severity of the collision, and applicant argues that the severity of the collision itself tends to show that a reasonable driver should have been aware of the damage that was caused by the driver's actions. However, speculation on what the unidentified driver was aware of is not evidence and cannot be relied upon to establish a claim for an award of reparations. The magistrate finds that applicant has failed to prove by a preponderance of the evidence that the unidentified driver had knowledge of the collision which is required by R.C. 4549.02(A)(1).

{¶13} Accordingly, the magistrate finds that applicant has failed to prove, by a preponderance of the evidence, that he qualifies as a victim of criminally injurious conduct as defined in R.C. 2743.51(C)(1)(a)-(e). For the foregoing reasons, the magistrate recommends that the AG's April 22, 2021 final decision be AFFIRMED.

{¶14} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

HOLLY TRUE SHAVER
Magistrate

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to:

Filed 08/01/2023
Sent to S.C. Reporter 09/20/2023

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| IN RE:  STANLEY WEST | Case No. 2021-00234VI |
| STANLEY WEST | Judge Lisa L. Sadler |
| Applicant | <u>ORDER</u> |

]

{¶15}  On June 8, 2023, a hearing was held in this matter before a Magistrate of this court.  On August 1, 2023, the *Magistrate* issued a Decision wherein she found that Applicant failed to prove, by a preponderance of the evidence, that he qualified as a victim of criminally injurious conduct as defined in R.C. 2743.51(C)(1)(a)-(e).

{¶16}        Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision *within* fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."  No objections were filed.

{¶17}        Upon review of the claim file, and the Magistrate's Decision, it is the Court's finding that the Magistrate was *correct* in her analysis of the issues and application of the law.  Accordingly, this Court adopts the Magistrate's Decision and Recommendation as its own.

{¶18}  IT IS *HEREBY* ORDERED THAT

{¶19}  The August 1, 2023 Decision of the Magistrate is ADOPTED;

{¶20}  This claim is DENIED and judgment entered for state of Ohio;

{¶21}  Costs assumed by the reparations fund.

LISA L. SADLER
Judge

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 08/16/2023
Sent to S.C. Reporter 9/20/23